J-A03034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANNA KISIEL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GARY GOSZINSKI AND GRETA | : | No. 1844 EDA 2024 |
| GOSZINSKI | : | |

Appeal from the Order Entered June 13, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2022-004769

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED APRIL 14, 2025**

Anna Kisiel ("Kisiel") appeals *pro se* from the order sustaining the preliminary objections of Gary Goszinski and Greta Goszinski (collectively, the "Goszinskis") and dismissing Kisiel's second amended complaint with prejudice. We affirm.

In its opinion, the trial court summarized the relevant factual and legal history of this case as follows:

> The dockets reflect that on July 7, 2022 [Kisiel] filed a [*pro se*] complaint against [the Goszinskis] due to property damages allegedly sustained as a result of a purchase of a residential home from [them] on July 29, 2020. [Kisiel] alleged that the [Goszinskis] made false statements in the seller disclosure regarding water infiltration, structural issues[,] flooding and drainage.
>
> The [Goszinskis] initially filed preliminary objections[,] submitting that [Kisiel] had failed to properly serve the complaint pursuant to Pa.R.Civ.P. 400 and that the statute of limitations had expired on July 29, 2022. [**See** Pa.R.Civ.P. 400(a) (providing that

generally, "original process shall be served within the Commonwealth only by the sheriff"). Kisiel] responded that she had properly served the complaint by first class priority mail on July 9, 2022.

On May 15, 2023, [the Honorable Kelly D. Eckel agreed with the Goszinkis,] sustained the preliminary objections and afforded leave of court to [Kisiel] to file an amended complaint and serve [the Goszinskis] within twenty days . . . pursuant to the Pennsylvania Rules of Civil Procedure and Delaware County Local Rule.

[An] amended complaint was timely docketed and [the Goszinskis] filed a second set of preliminary objections[,] averring that [Kisiel] failed to comply with Pennsylvania service rules because the sheriff served the amended complaint on the attorney for [the Goszinskis] and not the [Goszinskis] personally. [**See** Pa.R.Civ.P. 402(a)(1)-(2)(i)-(iii) (providing that generally, original process may be served by handing a copy to: the defendant; at the defendant's residence to an adult member of his family or clerk or manager of the defendant's hotel, inn, apartment house, or other place of lodging; or at the defendant's office or usual place of business to his agent or to the person in charge).]

Judge Eckel conducted a hearing on October 23, 2023 and issued an order on November 29, 2023 overruling the [Goszinskis] preliminary objections[,] but ordering that [Kisiel] within twenty days of notice of the order serve the amended complaint upon [the Goszinskis] in accordance with both the Pennsylvania Rules of Civil Procedure and Delaware County Local Rules. [Judge Eckel's order specifically allowed Kisiel "***one final opportunity*** to effectuate proper service on the Goszinskis in accordance with all applicable rules." The order further noted that Kisiel "had two prior opportunities to effectuate proper service but failed." This ***final***] order was docketed and issued to the parties on December 6, 2023 commencing the twenty-day deadline. [This deadline ended on December 27, 2023.]

[Kisiel] filed [a second] amended complaint on December 14, 2023 and [the Goszinskis] filed a third set of preliminary objections[. The Goszinskis] represented in the supporting memorandum that Gary [Goszinski] had passed away during the pendency of these pleadings.

The third set of preliminary objections were placed on a miscellaneous court list . . .. [A] sheriff's service process receipt and affidavit of return was docketed[,] which disclosed that [Kisiel had] presented the service request to the Delaware County Sheriff on December 15, 2023. The Delaware County Sheriff promptly deputized the Butler County Sheriff's Office[.[1] However, the latter office did not serve] the defendant Greta Goszinski [until] January 2, 2024. The Delaware County Sheriff's [O]ffice docketed the returns on January 22, 2024.

\* \* \* \*

Trial Court Opinion, 9/3/24, at 2-4 (unnecessary capitalization omitted and emphases and paragraph breaks added).

On April 30. 2024, the parties appeared before the Honorable Spiros Angelos, who conducted a hearing on Greta Goszinski's third preliminary objections. Judge Angelos stated that the only issue before him was "whether [Kisiel's amended complaint] was properly served within the timeframe of Judge Eckel's order[.]" N.T., 4/30/24, at 7. In response, Kisiel argued that: (1) the Goszinskis were on notice of her intent to sue them after participating in a mediation three months after she purchased the home; and (2) Judge Eckel's order provided twenty days to properly serve the complaint, "but the Sheriff has [thirty] days to serve[.]" *Id*. at 8-9. The trial court then held the matter under advisement.

_____

[1] *See* Pa.R.Civ.P. 400(d) (stating that "[i]f service is to be made by the sheriff in a county other than the county in which the action was commenced, the sheriff of the county where service may be made shall be deputized for that purpose by the sheriff of the county where the action was commenced"). Pa.R.Civ.P. 400(d).

On May 20, 2024, Judge Angelos entered the underlying order sustaining the Goszinskis' preliminary objections and dismissing Kisiel's second amended complaint with prejudice. The trial court determined that: "The record establishes that [Kisiel] failed to serve [the Goszinskis] within twenty [] days of December 6, 2023 as ordered by Judge Eckel. This Court is required to support the enforcement of that order . . . pursuant to the coordinate jurisdiction rule." Trial Court Opinion, 9/3/24, at 2. Kisiel filed a timely *pro se* notice of appeal. Both Kisiel and the trial court complied with Pa.R.A.P. 1925.

In response to the trial court's Rule 1925(b) order, Kisiel filed a concise statement of matters complained of on appeal. She raised eighteen claims of error, which can be summarized as follows: The trial court "erred in sustaining [the Goszinskis'] third preliminary objections . . . and dismissing [Kisiel's] amended complaint [with prejudice]" because "[t]here was good faith . . . on the part of [Kisiel] to serve properly the [amended] complaint . . . .." Kisiel's Statement of Matters Complained of on Appeal, 8/5/24 (unnecessary capitalization omitted).

Kisiel's claim on appeal is essentially that the trial court erred in granting the Goszinskis' preliminary objections based upon the coordinate jurisdiction

- 4 -

rule.[2]  The question, of whether a trial court order violated the coordinate

jurisdiction rule presents an issue of law, over which our standard of review is

_____

[2] We note Kisiel's *pro se* brief does not conform with our Rules of Appellate Procedure, as it does not include these sections:

(1) Statement of jurisdiction.

\* \* \* \*

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

\* \* \* \*

(6) Summary of argument.

\* \* \* \*

(11) . . . a copy of the [Pa.R.A.P. 1925(b)] statement of errors complained of on appeal . . . . [*Sugg: Shorten this part –details not necessary—we are in a FN anyway*]

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a)(1), (3)-(4), (6), (11)-(12).  Kisiel's brief also fails to include an argument section that: is "divided into as many parts as there are questions to be argued;" and develops the issues with discussion and citation to relevant legal authority.  Pa.R.A.P. 2119(a), (c).

"[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa. R.A.P. 2101.  Furthermore, we note:

[A]lthough [we are] willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.  To the contrary, any person choosing to represent

*(Footnote Continued Next Page)*

- 5 -

*de novo*, and our scope of review is plenary.  ***Rellick-Smith v. Rellick***, 261

A.3d 506, 511 (Pa. 2021).

This Court previously has explained that, under the coordinate

jurisdiction rule,

> [j]udges of coordinate jurisdiction sitting in the same case should not overrule each other[']s decisions.  Beyond promoting the goal of judicial economy, the coordinate jurisdiction rule serves (1) to protect the settled expectations of the parties; (2) to insure [*sic*] uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.
>
> We have further cautioned that departure from the coordinate jurisdiction rule is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed.

***Id.*** at 513 (quotation marks omitted).

Kisiel argues that the trial court improperly sustained the Goszinkis'

preliminary objections because: (1) circumstances beyond her control

prevented the Butler County Sheriff from serving her amended complaint until

"the first possible availability" on January 2, 2024; (2) "[t]he serving time did

---

himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Jordan v. Pa. State Univ.***, 276 A.3d 751, 761 (Pa. Super. 2022) (citation omitted).  Nevertheless, because we may ascertain the gist of Kiesiel's arguments on appeal, we decline to dismiss this appeal.

not exceed the 30 days limit for [the sheriff but] unfortunately did exceed the 20 days limit given by the [o]rder of [] Judge Eckel;" and (3) "Judge Eckel did not give enough time to serve the complaint that by law requires 30 days." Kisiel's Brief at 5. She claims that she received Judge Eckel's order, which the court docketed on December 6, 2023, on December 11, 2023. She further claims that she followed Judge Eckel's order by submitting her amended complaint to the Delaware County's Sheriff Office on December 14, 2023. Furthermore, she maintains that on December 15, 2023, the Delaware County Sheriff deputized the Butler County Sheriff's Office to serve the Goszinskis with the amended complaint. Kisiel emphasizes that she "called the [Goszinkis' a]ttorney and informed [them] that the amended [complaint was] served on December 15, 2023, with the Delaware County Sheriff's Office." *Id*. Kisiel contends that the Butler County Sheriff's Office received her amended complaint on December 20, 2023, and served it at the "first possible availability" on January 2, 2024. *Id*. Kisiel asserts that: (1) she served the amended complaint as required by the Rules of Civil Procedure, and (2) any delay in the Sheriff's office's service was not her fault. *See id*. at 5-7. Kisiel further asserts that if the trial court had considered her circumstances, it would not have granted the preliminary objections to dismiss her amended complaint with prejudice, and instead it would have ruled in her favor and allowed the case to proceed.

The trial court concluded that it properly dismissed Kisiel's amended complaint with prejudice explaining:

> Judge Eckel's November 29, 2023 order was docketed on December 6, 2023. [Kisiel] pursuant to that order had until December 27, 2023 to serve the [Goszinskis] by a duly appointed Sheriff. [Kisiel] failed to comply with that order. Judge Eckel imposed the identical twenty-day service requirement in both the May 17, 2023 and November 29, 2023 orders. This court due to the coordinate jurisdiction doctrine cannot extend or reconsider that twenty-day deadline. . . .

Trial Court Opinion, 9/3/24, at 4-5 (unnecessary capitalization omitted).

Here, we conclude that the trial court did not err in granting the preliminary objections and dismissing Kisiel's second amended complaint with prejudice based on the coordinate jurisdiction rule. **See Rellick-Smith**, 261 A.3d at 511. Kisiel had twenty days from the docketing of Judge Eckel's order on December 6, 2023 to serve her amended complaint. Although Kisiel submitted her amended complaint to the Delaware County Sheriff's Office for service on December 15, 2023, the trial court did not err in concluding that she did not serve her amended complaint until January 2, 2024, therefore failing to comply with the deadline set forth in Judge Eckel's order. Kisiel does not offer, and our review of the record does not reveal, any intervening change in the controlling law, or any substantial change in the facts or evidence. **See id**. at 513. In granting the Goszinskis' preliminary objections and dismissing Kisiel's amended complaint with prejudice, the trial court — a judge of coordinate jurisdiction sitting in this case with Judge Eckel — complied with the coordinate jurisdiction rule. **See id**. We further note that both Judge Eckel's May 17, 2023 and November 29, 2023 orders provided Kisiel several opportunities to effectuate proper service on the Goszinskis in accordance with

the rules. As such, we affirm the trial court's order granting the Goszinskis' preliminary objections and dismissing Kisiel's second amended complaint with prejudice.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2025